# 16-CV-22331 WILLIAMS/WHITE

### UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF FLORIDA

```
FILED by PG D.C.

JUN 20 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI
```

| | |
|---|---|
| UNITED STATES OF AMERICA<br>        Respondent, | ( |
| | ( |
| | ( |
| v. | ( |
| | ( |
| JOEL DIAZ | ( |
| Petitioner, | ( |

Docket Number 113C:1:4-20017 WILL

cat/div $510/2255/m$ 1A
Case # 14 CR 20017
Judge williams Mag WHITE
Motn Ifp No    Fee pd $ 0
Receipt # _____

## PRO SE MOTION TO VACATE SET ASIDE OR CORRECT SENTENCE PURSUANT

## TO 28 U.S.C. §2255

Petitioner through Pro Se representation moves this Court to vacate and correct his sentence under 28 U.S.C. § 2255, on the basis of the Supreme Court decision in **JOHNSON V. UNITED STAES, 135 S. Ct. 2251 (2015),** and or the Supreme Court ruling in **HAINES V. KERNER) 404 U.S. 519 (1972),** and will ask respectfully to this H. Court, to grant the instant motion by the following reasons:

### STATEMENT OF THE CASE

Petitioner, was arrested on 06-13, 2014 and charged with vilation of 21 U.S.C. §846; CASE No. 14-CR-20017-WILLIAMS(s)(s)(s), 21 U.S.C. §846, 21 U.S.C. §853, 18 U.S.C. §924(a)(1)(D), 18 U.S.C. § 924(c)(1), and 18 U.S.C. §924(d)(1).

## SUPERSEDING INFORMATION

The United States Attorney charges that:

From at least as early as in or around January 2011, through on or about June 13, 2014, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

## Petitioner

did knowingly and willfully combine, conspire, confederate, and agree with other persons known and unknown to the United States Attorney to possess with intent to distribute a controlled substance, in violation of title 21, United States Code, Section 841(a)(1); alll in violation of Title 21, United States Code, Section 846.

The controlled substance involved in the conspiracy attributable to the defendant as a result of his own conduct, and the concuct, af other conspirators reasonably foreseeable to him, is twenty-eight (28) grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly referred to as "clack cocaine", in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

Their participation in the narcotics conspiracy, several members of the group also self-identified under the name the Bog  Money Team (hereinafter the BMT) and other titles. Under the time frame set forth in the Second Superseding indictment, the BMT and its associates distributed cocaine base, marijuana and MDMC.

2

Petitioner was a member of the conspiracy to distribute narcotics from at least Nobember 2013 to on or about June 13, 2014. While petitioner was a member of the charged conspiracy, over 280 grms of cocaine base were distributed by members of the conspiracy petitioner is aware that the BMT and is associates used text messaging services and social media to communicate information related to the distribution of narcotics. The defendant and the government stipulate that as a result petitioner participation in the conspiracy, the defendant is responsible for the foreseable distribution of between 840 and 2,800 grms of cocaine base. Petitioner was aware that the BMT and its associates distributed narcotics from locations whih were either abandoned or in the possession of co-conspirators.

In addition to narcotics distribution, the BMT preserved power, territory, and profits through the use of robbery, assault, obstruction of justice, intimidation, violence and theats of violence. BMT members also developed capital to advance their narcotics activity with other forms of ilicit conduct, such as theft. These ilicit activities promoted and anhanced the BMT. Further, the use of violence kept victims and witnesses in fear of the BMT.

Petitioner is also aware that the BMT used violence to thwart cooperation with law enforcement which might endanger their ilicit activities. While a member of the conspiracy, petitioner was aware that members of conspiracy possessed firearms in furtherance of their narcotics and ilicit activities.

3

Under Johnson Petitioner should not have been sentenced to 5 years pursuant to § 924 (c)(3)(B) employs language that is void for vagueness. See **Dimaya v. Lynch 803 f.3d, 1110, 1115 (9th Cir. 2015)** holding that the phrase involves substantial risk that physical force against the person or property of another may be used "is unconstitutionally vague under Johnson". And because two levels were increased for possession of a firearm that petitioner never was in possession and never used, does not qualify as a "Crime of Violence" under 924(c)'s alternative definition (as an offense that has as an element the use, attempted use, or threat of violent physical force). Petitioner moves this Court to correct his sentence under 28 U.S.C.§ 2255.

Petitioner is entitled to relief under 28 U.S.C.§ 2255(h)(2) because Johnson "announced a substantive rule that has retroactive effect in cases on collateral review" **WELCH v. UNITED STATES 136 S. Ct. 1257, 1263 (2016).**

Also Petitioner motion is timely under 28 U.S.C. § 2255 (f)(3), because he filed it within one year of the Supreme Court's decision in Johnson.

Therefore, Petitioner respectfully request that this Court grant his § 2255 Motion to vacate his current sentence and re-sentence him.

4

## CONCLUSION

Because Petitioner's conviction for <u>possession of a fiream </u>was
based in false statement by a coodefendant, never a Fiream was found.

is no longer a crime of violence after Johnson, and because

he has shown that he is otherwise entitled to relief under

28 U.S.C.§ 2255, Petitioner respectfully requests that this

Court grant his motion, vacate the sentence and re-sentence

him, or as you deems just, necessary and proper.


RESPECTFULLY SUBMITTED


Joel Diaz
_____
JOEL DIAZ
Reg.06048-104
D. Ray James CF.
P.O. Box 2000
Folkston, GA 31537


## CERTIFICATE OF SERVICE

_____I am hereby certify that a true and correct copy of the

foregoing was sent via U.S. Mail Service prepaid in D. Ray James

C.F., Folkston GA., this *6/6-16* to the following address:

Joel Diaz
Reg.06048-104
D. Ray James CF.
P.O.Box 2000
Folkston, GA 31537





**DISTRICT CLERK**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK-ROOM BN09
400 NORTH-MIAMI AVENUE
MIAMI, FLORIDA, 33128-7716.

!! <u>LEGAL   MAIL</u> !!

JUN 1 6 2016

D. Ray James Prison
Hwy 252 - P.O. Box 2000 - Folkston, GA 31537
"The enclosed letter was processed through special
mailing procedures for forwarding to you.   The
letter has been neither opened nor inspected.   If
the writer raises a question or problem over which
this facility/center has jurisdiction, you may wish
to return the material for further information or
clarification.  If the writer encloses correspondence
for forwarding to another addressee, please return
enclosure to the above address."